IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **TOMMY WALKER,** | : | |
| | : | |
| Petitioner | : | **CIVIL NO. 1:CV-04-0227** |
| | : | |
| v. | : | **(Judge Rambo)** |
| | : | |
| **SCOTT DODRILL, Warden,** | : | |
| | : | |
| Respondent | : | |
| | : | |

# **M E M O R A N D U M**

## **I.    Introduction**

Petitioner, Tommy Walker III, an inmate at the United States Penitentiary in Lewisburg, Pennsylvania ("USP Lewisburg"), commenced this action with a *pro se* petition for writ of habeas corpus filed pursuant to the provisions of 28 U.S.C. § 2241.  Named as Respondent is Scott Dodrill, former Warden of USP Lewisburg.[1]

---

[1] In the response to the habeas petition (Doc. 14), Respondent notes that the current Warden at USP-Lewisburg is Joseph V. Smith, and suggests a substitution of the party.  Thereafter, Petitioner filed a

Petitioner "challenges Disciplinary Proceeding No. : 1093410 conducted by Donald Emory . . . on or about April 14th, 2003, charging Petitioner with receiving money or anything of value from another inmate without staff authorization, Code 328, resulting in a 5 day disallowance of Good-Time; Loss of Commissary Privileges for 90 days; and, confiscation of contraband (i.e., $ 500.00 Money Order)." (Doc. 1 at 1.)  Petitioner claims that the property was improperly deemed "contraband" at the disciplinary hearing, and it was improperly confiscated contrary to the due process mandate of the United States Supreme Court's decision in *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974).  For relief, Petitioner seeks reversal of the finding of the disciplinary hearing, and the return of the confiscated property.[2]  Respondent asserts that Petitioner received due process protections, and the petition should be denied.  The matter has been briefed, and it is ripe for consideration.  For the reasons that follow, the court concludes that Petitioner received due process and the petition will be denied.

---

motion to amend (Doc. 15) the habeas petition, to substitute the correct respondent.  Because the court will deny the instant habeas petition, the substitution is rendered moot.

[2]To the extent that Petitioner seeks return of the confiscated property, such relief is not appropriate in the context of a petition for writ of habeas corpus, since it does not relate to the fact or duration of confinement.  *See Wilkinson v. Dotson*, __ U.S. __, 125 S. Ct. 1242, 1245-46 (2005).  Although such relief may be sought in the context of a civil rights action, alleging denial of a Constitutionally protected right to due process, the due process analysis in a civil rights action would be identical to that set forth below.

**II.     Discussion**

   **A.  Fourteenth Amendment Protection**

The Fourteenth Amendment of the United States Constitution provides in pertinent part: "No State shall . . . deprive any person of life, liberty, or property, without due process of law . . . ." The Supreme Court has mandated a two-part analysis of a procedural due process claim: first, "whether the asserted individual interests are encompassed within the . . . protection of 'life, liberty or property' " and second, "if protected interests are implicated, we then must decide what procedures constitute 'due process of law.' " *Ingraham v. Wright*, 430 U.S. 651, 672 (1977); *Shoats v. Horn*, 213 F.3d 140, 143 (3d Cir. 2000). If there is no protected liberty or property interest, it is obviously unnecessary to analyze what procedures were followed when an alleged deprivation of an interest occurred. Liberty interests protected by the Fourteenth Amendment may arise either from the Due Process Clause itself or from state law. *Torres v. Fauver*, 292 F. 3d 141, 150 (3d Cir. 2002).

   **1.  Existence of Protected Liberty Interest**

It is well-settled that "prison disciplinary proceedings are not part of a criminal prosecution and the full panoply of rights due a defendant in such

3

proceedings does not apply." *Wolff*, 418 U.S. at 556.  Nevertheless, the Supreme Court found that there can be a liberty interest at stake in disciplinary proceedings in which an inmate loses good conduct time. *Id.* Since Petitioner's sanction included the loss of good conduct time, Petitioner has identified a liberty interest in this matter.  Therefore, this court will review the procedures afforded to Petitioner in the disciplinary hearing as they relate to the loss of good conduct time.

### 2. **Procedural Due Process**

In *Wolff*, the Supreme Court set forth the minimum procedural due process requirements for prison disciplinary proceedings:  (1) the right to appear before an impartial decision-making body; (2) twenty-four hour advance written notice of the charges; (3) an opportunity to call witnesses and present documentary evidence, provided the presentation of such does not threaten institutional safety or correctional goals; (4) assistance from an inmate representative, if the charged inmate is illiterate or if complex issues are involved; and (5) a written decision by the fact finders as to the evidence relied upon and the rationale behind their disciplinary action. *Id.*

The Court noted that broad discretion is afforded to prison officials, with limited judicial review of institutional due process to determine if their decision is

arbitrary or capricious. *Id.* In *Superintendent, Mass. Corr. Inst. at Walpole v. Hill*, 472 U.S. 445, 453-56 (1985), the Supreme Court added a procedural requirement, holding that there must be some evidence that supports the conclusion of the disciplinary tribunal. *Id.*[3]

The due process requirements of *Wolff*, as they relate to federal prisoners, have since been codified under the Code of Federal Regulations. Under 28 C.F.R. § 541, inmate discipline and special housing units staff shall prepare an Incident Report when there is reasonable belief that a violation of Bureau regulations has been committed by an inmate and the staff considers informal resolution of the incident inappropriate or unsuccessful. 28 C.F.R. § 541.14. The BOP regulations provide that each BOP institution shall have an independent hearing officer, or disciplinary hearing officer ("DHO") assigned to conduct administrative fact-finding hearings covering alleged acts of misconduct and violations of prohibited acts. 28 C.F.R. § 541.16(a). Furthermore, the DHO shall conduct hearings, make findings, and impose appropriate sanctions for incidents of inmate misconduct.

---

[3]After *Hill*, the Third Circuit indicated that the standard to be applied in disciplinary proceedings was that contained in 28 C.F.R. § 541.17(f), which at the time was a "substantial evidence" test. *Henderson v. Carlson*, 812 F.2d 874, 879 (3d Cir. 1987). Subsequently, the Bureau of Prisons amended its regulations to be more akin to the *Hill* holding by requiring only that the DHO's decision be "based upon at least some facts," with the decision to be "based on the greater weight of the evidence." 28 C.F.R. § 541.17(f) (1995).

28 C.F.R. § 541.16(c).

Based on the record, the court concludes that Petitioner was afforded the full requirements of due process in his disciplinary hearing. On April 10, 2003, Petitioner was issued disciplinary incident report # 1093410 (Doc. 14, Ex. 1 at 2-5) for allegedly receiving money or anything of value from another inmate without staff authorization and for unauthorized use of the mail. The officer that issued the report ("issuing officer") stated that on April 9, 2003, Petitioner received a letter containing a $500 money order from K. Jackson of Kensington, Maryland. (*Id*. at 2.) The issuing officer determined that K. Jackson is Karen Jackson, the mother of another inmate named Hopkins. (*Id*.) On April 10, 2003, the issuing officer reviewed records of telephone calls placed by inmate Hopkins to his mother and telephone calls from Hopkins to his sister. (*Id*.) As a result of this review, the issuing officer concluded that Petitioner had received the money order from Ms. Jackson in violation of prison regulations, as payment for legal services Petitioner rendered to Hopkins. (*Id.*)

Petitioner received a copy of the incident report the day it was issued. (*Id.* at 2.) Thereafter, a hearing was held on April 14, 2003. A review of the record reveals that Petitioner appeared at the hearing, and he received written notice of the

charges nearly four (4) days prior to the hearing.  The DHO heard Petitioner's testimony in which he "testified the report is true . . . He readily admits providing legal services for Hopkins which was the catalyst for money being sent to him." (*Id.* at 2.)  Petitioner waived his right to an inmate representative, and he received a written decision setting forth the evidence relied upon and the rationale for the decision.  (*Id*. at 2-5.)  Thus, the court concludes that Petitioner received the requisite due process requirements set forth in *Wolff*.

### B.  Evidence Supporting Decision

Since Petitioner was afforded all of his procedural rights, the only remaining issue is whether there was sufficient evidence to support the decision.  *See Hrbek v. Nix*, 12 F.3d 777 (8th Cir. 1993).  After a review of the record, the court concludes that there was more than ample evidence to support the DHO's decision.  The DHO relied upon testimony from the issuing officer, a statement from Hopkins, and the Petitioner's testimony in which he admitted the incident.  Additionally, the DHO reviewed the records of telephone calls between Hopkins and his family members leading to the issuance of charges.  Therefore, this evidence sufficiently supports the outcome of the hearing.

## **III.     Conclusion**

In accordance with the foregoing, the court will deny Petitioner's habeas petition. An appropriate order will issue.

s/Sylvia H. Rambo
SYLVIA H. RAMBO
United States District Judge

Dated: June 20, 2005.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **TOMMY WALKER,** | : | |
| | : | |
| Petitioner | : | **CIVIL NO. 1:CV-04-0227** |
| | : | |
| v. | : | **(Judge Rambo)** |
| | : | |
| **SCOTT DODRILL, Warden,** | : | |
| | : | |
| Respondent | : | |

## O R D E R

In accordance with the foregoing memorandum, **IT IS HEREBY ORDERED THAT**:

1. The petition for writ of habeas corpus (Doc. 1) is **DENIED**.

2. Petitioner's motion to amend the caption (Doc. 15) is **DENIED** as moot.

3. The Clerk of Court is directed to close this case.

4. The court declines to issue a certificate of appealability.

                                             s/Sylvia H. Rambo
                                             SYLVIA H. RAMBO
                                             United States District Judge

Dated: June 20, 2005.